IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLARENCE EUGENE ALSPAUGH III, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:19CV217 |
| v. | ) ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONS, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) ) | |

Plaintiff, an inmate at the Lincoln Community Corrections Center, brings this 42 U.S.C. § 1983 action for what he characterizes as "medical negligence" against the Nebraska Department of Corrections. Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that while he was being housed at the Nebraska State Penitentiary, he began experiencing severe pain in his right leg in August 2016, which he surmised was a blood clot. Plaintiff repeatedly requested medical help for the worsening pain, which resulted in four months of examinations, medications, diagnostic tests, and eventually surgery,[1] followed by physical therapy. The medical records attached to Plaintiff's Complaint indicate that after Plaintiff first complained about his

---

[1]The medical records attached to Plaintiff's Complaint indicate the surgery was a "partial hemilaminectomy 3rd lumbar right with removal of extruded intervertebral disc." (Filing No. 1 at CM/ECF p. 101.)

leg on August 28, 2016 (Filing No. 1 at CM/ECF p. 24), he was promptly[2] and repeatedly seen by prison medical personnel; given pain medications prescribed by an outside physician; received X-rays, a nerve-conduction study, at least two MRIs, and an EMG; consulted with an outside neurosurgeon, orthopedic surgeon, and physiatrist; and underwent back surgery on December 30, 2016, just four months after his first complaint. (*Id*. at pp. 24-110.) Nevertheless, Plaintiff complains, "If I wasn't locked up, I would have been diagnosed probably within a week and got the proper medical care." (*Id*. at p. 22.)

Plaintiff demands $250,000, complaining that the prison "did not follow up and make the right decisions after they eliminated certain things they thought the problem could be." (*Id*. at p. 5.) Plaintiff claims two doctors told him that if his condition had been diagnosed sooner, he would have had a "100% recovery," instead of a permanent disability.[3] (*Id*. at pp. 13, 22.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[2]Plaintiff was taken to the hospital for a brain MRI on August 29, 2016, after experiencing leg numbness for one week. (Filing No. 1 at CM/ECF p. 78.)

[3]Plaintiff claims he has muscle atrophy; no reflexes; complete numbness from his knee down to his ankle; loss of strength, balance, and flexibility; and is not able to run. (Filing No. 1 at CM/ECF p. 5.)

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here attempts to allege a federal constitutional claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Proper Defendants**

The Plaintiff sues the Nebraska Department of Correctional Services ("NDCS"). States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d

591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment). Accordingly, the NDCS must be dismissed for failure to state a claim upon which relief can be granted.

**B. Deliberate Indifference to Serious Medical Needs**

The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious

> harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Schaub v. Vonwald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotations and citations omitted).

Here, Plaintiff specifically alleges "medical negligence" because the prison "did not follow up and make the right decisions after they eliminated certain things they thought the problem could be." (Filing No. 1 at p. 5.) However, to recover under section 1983, as Plaintiff seeks to do here, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted); *see also Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 389 (8th Cir. 2014) ("medical malpractice is not deliberate indifference") (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1242 (8th Cir. 1997) ("[S]howing that another physician might have ordered different tests and treatment does not show deliberate indifference.") and *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir. 1987) ("[Plaintiff] has only shown . . . that another physician in the same circumstance might have ordered different tests and treatment. This evidence raises questions of medical judgment; it does not show deliberate indifference.")); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (prisoner's mere disagreement with course of medical treatment fails to state claim against prison physician for deliberate indifference under Eighth Amendment).

Even if Plaintiff had sued the proper defendants, his allegations of "medical negligence" and failure to "make the right decisions" do not constitute deliberate disregard of Plaintiff's serious medical needs. Rather, the facts alleged by Plaintiff and appearing in the medical records attached to Plaintiff's Complaint show consistent and prompt medical attention—from both institutional medical personnel and outside specialists—to Plaintiff's repeated complaints of pain. Accordingly, Plaintiff has failed

5

to state a claim upon which relief may be granted, and it would be futile to allow Plaintiff to amend his Complaint in order to add proper defendants. *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008) (denying plaintiff leave to amend complaint as futile "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure"); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Scott v. Culver*, No. C08-4018, 2008 WL 2626825, at *7 (N.D. Iowa June 27, 2008) ("Because the facts of medical attention presented by Plaintiff belie any assertion of deliberate indifference by Defendants, Plaintiff fails to state a claim on which relief may be granted."); 29 U.S.C. § 1915(e)(2)(B)(ii) (court shall dismiss case at any time if court determines that action fails to state claim upon which relief may be granted).

IT IS ORDERED:

1. Plaintiff's claim for money damages against Defendant Nebraska Department of Corrections is dismissed for failure to state a claim upon which relief can be granted because such Defendant is not a suable "person" within the meaning of 42 U.S.C. § 1983, such claim is barred by the Eleventh Amendment, and Plaintiff has failed to allege facts constituting an Eighth Amendment claim for deliberate indifference to his serious medical needs; and

2. Judgment shall be entered by separate document.

DATED this 12th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge